# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DENNIS R. MCVEY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-14-0683-I-1 |
| 　　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE: April 8, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Dennis R. McVey, Powell, Tennessee, pro se.

Eric J. Teegarden, Esquire, Fort McCoy, Wisconsin, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his removal for failure to accept a management-directed reassignment. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant was a GS-6 Family Readiness Support Assistant (FRSA) with the 844th Engineer Battalion, U.S. Army Reserve, stationed in Knoxville, Tennessee. Initial Appeal File (IAF), Tab 4 at 14. In November 2013, the Army Reserve Command (ARC) determined that, pursuant to a 2009 order from agency headquarters, FRSA positions would be redistributed such that the positons would "be aligned with battalion level or higher organizations" supporting 1,200 or more soldiers across certain geographical regions.[2] IAF, Tab 8 at 7. The appellant was assigned to a unit with fewer than 1,200 soldiers, and accordingly, on November 21, 2013, the agency notified him that his position would be abolished pursuant to the redistribution, and directed his reassignment to an FRSA position of like grade and pay with the 391st Engineer Battalion, stationed in Greenville, South Carolina. IAF, Tab 4 at 50; Petition for Review (PFR) File, Tab 7 at 16. The appellant refused the reassignment, IAF, Tab 4 at 47, and subsequently, the agency removed him, effective April 5, 2014, for failure to accept a management-directed reassignment, *id*. at 14, 16-17.

¶3     The appellant filed a timely Board appeal challenging his removal and raising affirmative defenses of discrimination based on race (Caucasian) and sex (male). IAF, Tab 1, Tab 6 at 5-6, Tab 9 at 3-4. Because the appellant did not request a hearing, IAF, Tab 1 at 1, the administrative judge decided the appeal based on the written record, IAF, Tab 10, Initial Decision (ID) at 1-2. He issued an initial decision affirming the appellant's removal, finding that the agency met its burden of proving the charge and that the penalty of removal was reasonable. ID at 2-6. The administrative judge further found that the appellant failed to prove his affirmative defenses of discrimination. ID at 6-8.

---

[2] The 2009 order issued by agency headquarters required the ARC to assign one FRSA per 1,500 to 2,000 soldiers in each Operational and Functional Command. IAF, Tab 4 at 57. However, the November 2013 memorandum from the ARC explained that it would instead utilize a 1,200 or more soldier ratio due to "geographic dispersion and operational tempo." IAF, Tab 8 at 7.

¶4      The appellant has filed a petition for review of the initial decision, and the agency has responded to the petition for review. PFR File, Tabs 1, 3. On October 2, 2015, the Board issued a show cause order directing the agency to submit additional evidence and argument regarding several issues related to the appellant's assertions below and on review. PFR File, Tab 4 at 4-5. The Board afforded the appellant an opportunity to respond to the agency's submissions. *Id.* at 5. Both parties timely responded to the show cause order. PFR File, Tabs 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

We remand the appeal for the administrative judge to reconsider the appellant's affirmative defenses of discrimination based on race and sex.

¶5      We grant the appellant's petition for review for the purpose of addressing his arguments that the administrative judge erred in finding that he failed to prove his affirmative defenses of discrimination based on race and sex. PFR File, Tab 1 at 1-4, Tab 8 at 6, 8-12.

¶6      Below, the appellant identified three alleged comparator FRSAs, P.T., J.C., and D.M., whom he claimed were similarly situated but were not reassigned. IAF, Tab 6 at 6, Tab 9 at 3-4. The initial decision indicates that the appellant alleged that P.T. was an African-American male. ID at 7. The record does not contain any information regarding J.C.'s or D.M.'s race, but both of these alleged comparator FRSAs are female.[3] IAF, Tab 6 at 6. The administrative judge found that the appellant failed to prove his affirmative defenses of discrimination because, even assuming that the alleged comparator FRSAs were similarly situated, the agency's decision not to reassign them because they supported more than 1,200 troops was nondiscriminatory. ID at 7-8.

¶7      The appellant's primary argument on review is that the administrative judge erred in finding that the alleged comparator FRSAs supported more than 1,200

---

[3] On review, the appellant asserts that one of the alleged female comparator FRSAs was Caucasian, and the other was Hispanic. Petition for Review (PFR) File, Tab 1 at 4.

troops. PFR File, Tab 1 at 1-4, Tab 8 at 6, 8-12. The sole evidence in the record below regarding this issue is a September 4, 2014 email from a Management Analyst, submitted by the agency, which was created in response to the appellant's Board appeal, and stated that the comparator FRSAs were assigned to units with more than 1,200 soldiers. IAF, Tab 8 at 11. In response, the appellant raised arguments disputing the accuracy of that assertion. IAF, Tab 9 at 3. The agency did not respond to those arguments, and the administrative judge did not address them in the initial decision. *See* ID.

¶8      In addition, in analyzing the appellant's discrimination claims, the administrative judge referenced the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See* ID at 7-8. After the initial decision was issued, the Board issued its decision in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 46, 51 (2015), which clarified the evidentiary standards and burdens of proof under which the Board analyzes discrimination claims. In *Savage*, the Board held that the burden-shifting framework in *McDonnell Douglas* has no application to Board proceedings. *Savage*, 122 M.S.P.R. 612, ¶ 46. Rather, the Board in *Savage* reaffirmed that it will adhere to the test set forth in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977), in cases involving discrimination or retaliation allegations under 42 U.S.C. § 2000e–16. *Savage*, 122 M.S.P.R. 612, ¶ 50. Thus, where an appellant asserts an affirmative defense of discrimination, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Id.*, ¶ 51. An appellant may make this initial showing using direct evidence or any of three types of circumstantial evidence: a convincing mosaic of evidence from which a discriminatory intent may be inferred; evidence of disparate treatment of similarly situated comparators; or evidence that the agency's stated reason is not worthy of credence but rather a pretext for discrimination. *Id.*, ¶¶ 42–43 (quoting *Troupe v. May Department*

*Stores Co.*, 20 F.3d 734, 736-37 (7th Cir. 1994)).  If the appellant meets that burden, the Board then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it still would have taken the contested action in the absence of the discriminatory motive, and, if the Board finds that the agency has made that showing, its violation of 42 U.S.C. § 2000e–16 will not require reversal of the action.  *Savage*, 122 M.S.P.R. 612, ¶ 51.

¶9   Because *Savage* was issued after the initial decision in this case, the administrative judge's instructions to the appellant regarding proof of his affirmative defenses of discrimination did not provide the appellant with notice of the correct standards.  IAF, Tab 6 at 6–7; *see Milner v. Department of Justice*, 77 M.S.P.R. 37, 46 (1997) (finding that an appellant did not receive a fair and just adjudication of an affirmative defense where there was no indication the administrative judge apprised him of the applicable burdens of proof or of the types of evidence required to meet his burden).  For example, the administrative judge advised the appellant that his proof could consist of elements of his prima facie case under the burden-shifting framework applicable to motions for summary judgment; however, the prima facie case has no application to the Board's adjudication of discrimination claims.  IAF, Tab 6 at 6; *see Savage*, 122 M.S.P.R. 612, ¶ 46 (holding that the summary judgment standards for title VII cases do not apply to Board appeals).

¶10   For these reasons, we vacate the administrative judge's finding that the appellant failed to prove his affirmative defenses, and remand the case to the regional office for the administrative judge to reconsider this issue.  On remand, the administrative judge should instruct the parties of the standards of proof applicable to an affirmative defense of discrimination pursuant to *Savage*, consider the appellant's arguments below and on review and the evidence that the parties submitted in response to the Board's show cause order, and afford the

parties an opportunity to submit additional evidence and argument on the issue of the appellant's affirmative defenses.

We vacate the administrative judge's findings that the agency proved the charge, nexus, and the reasonableness of the penalty.

¶11     We turn next to the issue of whether the administrative judge's findings that the agency proved the charge, nexus, and penalty can be sustained at this time in light of the fact that his findings regarding the appellant's affirmative defenses have been vacated.

> *In analyzing the appellant's removal based on his failure to accept a management-directed reassignment, the Board must apply the pertinent burden-shifting methodology.*

¶12     As an initial matter, in finding that the agency met its burden of proving the charge, the administrative judge applied the methodology in the Board's decision in *Miller v. Department of the Interior*, 119 M.S.P.R. 438, ¶ 7 (*Miller I*), *aff'd as modified*, 120 M.S.P.R. 426 (2013) (*Miller II*), *rev'd sub nom.*, *Cobert v. Miller*, 800 F.3d 1340 (Fed. Cir. 2015).  ID at 3-6.  In *Miller I*, the Board rejected the prior burden-shifting methodology for analyzing removal actions based on an employee's failure to accept a management-directed reassignment set forth in *Ketterer v. Department of Agriculture*, 2 M.S.P.R. 294, 298-99 (1980). *Miller I*, 119 M.S.P.R. 438, ¶ 7.  Instead, the Board held that it would simply weigh all of the evidence and make a finding on the ultimate issue of whether the agency proved by a preponderance of the evidence that the misconduct occurred and that its removal action promoted the efficiency of the service.  *Id.* Subsequently, in *Miller II*, the Board affirmed *Miller I* as modified to clarify that an agency did not need to prove that a geographic reassignment was "necessary." *See Miller II*, 120 M.S.P.R. 426, ¶ 12.

¶13     After the initial decision in the present appeal was issued, the U.S. Court of Appeals for the Federal Circuit issued its decision in *Cobert v. Miller*, 800 F.3d 1340, which reversed the Board's decision in *Miller II*.  The Federal Circuit held that the Board's prior burden-shifting analytical framework in *Ketterer*,

2 M.S.P.R. at 294, had been adopted by the court in *Frey v. Department of Labor*, [359 F.3d 1355](#), 1360 (Fed. Cir. 2004), and was the law of the circuit. *Cobert*, 800 F.3d at 1349. However, although the administrative judge did not apply the analytical framework in *Ketterer* in the initial decision in the instant appeal, the parties were provided with notice of the burden-shifting methodology in *Ketterer* during the prehearing conference, IAF, Tab 6 at 5, and the administrative judge did not notify them that he would apply the Board's revised methodology in *Miller I* prior to the issuance of the initial decision, ID at 3. Therefore, we find that the parties were apprised of the analytical framework that the Board will apply on review. *See Burgess v. Merit Systems Protection Board*, [758 F.2d 641](#), 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

¶14        Under the burden-shifting framework in *Ketterer*, the agency has the initial burden of showing that its decision to reassign the employee was based on legitimate management considerations in the interest of the service. 2 M.S.P.R. at 299. Such a showing, along with evidence that the employee had adequate notice of the decision to transfer and refused to accept the reassignment, is ordinarily sufficient to establish the agency's prima facie case. *Id.* Once the agency makes out a prima facie case, the burden shifts to the appellant to produce rebuttal evidence to demonstrate that the reassignment had no solid or substantial basis in personnel practice or principle, although the ultimate burden of persuasion never shifts from the agency. *See Umshler v. Department of the Interior*, [44 M.S.P.R. 628](#), 630 (1990); *Ketterer*, 2 M.S.P.R at 299-300.

> *The agency established a prima facie case supporting the validity of the appellant's reassignment.*

¶15        Here, we find that the agency established a prima facie case supporting the validity of the appellant's reassignment. It is undisputed that the appellant had adequate notice of the decision to transfer and refused to accept the reassignment.

IAF, Tab 4 at 47, 50.  We further find that the agency met its initial burden of showing that its decision to reassign the appellant was based on legitimate management considerations in the interest of the service.

¶16 The agency abolished the appellant's position as part of an agency-wide redistribution of FRSA positions, which was conducted because the agency determined that the transformation of the ARC had resulted in a misalignment of FRSA positions.  IAF, Tab 4 at 50, 57, Tab 8 at 7.  The ARC Family Programs Directorate determined that, pursuant to the redistribution, it would abolish a total of 22 existing FRSA positions aligned with smaller units and numbers of soldiers, including the appellant's position, and create new positions that better aligned with the intent of the 2009 order from agency headquarters.[4]  PFR File, Tab 7 at 13.  We agree with the administrative judge that the agency's plan to relocate FRSAs aligned with small numbers of soldiers to positions aligned with units with larger troop concentrations was a bona fide management consideration in the interest of promoting the efficiency of the service.  ID at 5; *see Cooke v. U.S. Postal Service*, 67 M.S.P.R. 401, 406 (finding that an agency's nationwide restructuring was a legitimate reason for effectuating an appellant's reassignment), *aff'd*, 73 F.3d 380 (Fed. Cir. 1995) (Table).

¶17 The agency also met its initial burden of demonstrating a legitimate management reason for selecting the appellant's particular position as one to be abolished pursuant to the redistribution.  The appellant's position was assigned to the 844th Battalion, which had an authorized strength of only 778 soldiers,[5] and

---

[4] According to the agency, although 22 FRSA positions were abolished pursuant to the redistribution, PFR File, Tab 7 at 13, a total of 43 FRSA positions were affected, 19 of which were vacant, *id*. at 6, 27-28.

[5] In the initial decision, the administrative judge erroneously stated that the 844th Battalion had 788 soldiers, as opposed to 778.  ID at 4.  However, this error was not prejudicial to the appellant's substantive rights, because, regardless of whether the unit had 778 or 788 soldiers, the 844th Battalion had considerably fewer than 1,200 soldiers.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that

did not satisfy the 1,200 or more soldier criteria in the November 2013 ARC memorandum, or the even higher ratio of soldiers per FRSA in the 2009 order from agency headquarters. IAF, Tab 4 at 14, 57, Tab 8 at 7, 11; PFR File, Tab 7 at 16.

¶18    On review, as he did below, the appellant argues that his position should not have been abolished because, although he was assigned to the 844th Battalion, he actually supported a total of more than 1,200 soldiers across three battalions. IAF, Tab 9 at 4; PFR File, Tab 1 at 4, Tab 8 at 7. Specifically, he contends that, in addition to the 844th Battalion, he provided support to the 478th Battalion, headquartered in Fort Thomas, Kentucky, and the 391st Battalion, headquartered in Greenville, South Carolina. PFR File, Tab 1 at 4, Tab 8 at 6-7. However, in response to the Board's show cause order, the agency submitted evidence, in the form of an affidavit from a Human Resources Specialist for the 412th Engineering Command, which stated that the appellant was a resource of the 844th Battalion, and supported the 478th and 391st Battalions as "a convenience" to those battalions.[6] PFR File, Tab 7 at 16. The Human Resources Specialist further averred that, because the appellant was a resource of the 844th Battalion, the Commander of that battalion could have withheld the appellant's support from the other battalions.[7] *Id.* Thus, although the appellant may have provided support to a total of more than 1,200 soldiers across three battalions, his position

an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[6] The Human Resources Specialist characterized the support that the appellant provided to these other battalions as "dotted line support," but did not further explain that concept. PFR File, Tab 7 at 16.

[7] This assertion is supported by evidence that the appellant submitted in response to the show cause order. PFR File, Tab 8 at 17. In a February 23, 2014 letter to Senator Lamar Alexander, sent in response to an inquiry regarding the appellant's reassignment, the Director of Army Reserve Family Programs explained that "[t]he Battalion does not have command and control or the authority to direct work across Battalions; however, positions assigned at the Brigade level have the authority to support the workload of all reporting subordinate elements." *Id.*

was actually assigned to a single battalion with fewer than 1,200 soldiers, and accordingly, the abolishment of that position was consistent with both the November 2013 ARC memorandum and the 2009 order from agency headquarters.[8]

> *The issue of whether the appellant produced rebuttal evidence demonstrating that his reassignment had no solid or substantial basis in personnel practice must be remanded for further adjudication.*

¶19    Having found that the agency proved its prima facie case, we proceed to the issue of whether the appellant produced rebuttal evidence demonstrating that his reassignment had no solid or substantial basis in personnel practice or principle. *See Frey*, 359 F.3d at 1360; *Umshler*, 44 M.S.P.R. at 630. On review, the appellant notes that the Command Executive Officer of the 412th Engineer Command recommended that his reassignment be rescinded. PFR File, Tab 8 at 11. The Command Executive Officer asserted that the appellant could support the 391st Battalion from Knoxville without the relocation and moving expenses associated with a directed reassignment, and argued that the directed reassignment would potentially result in the loss of a valued employee. *Id*. at 32; IAF, Tab 4 at 37. We agree with the administrative judge that it is not the Board's role to weigh the relative merits of the agency's policy decision to redistribute its FRSA positions such that the positions would be aligned with units with larger troop concentrations. ID at 4-5; *see Frey*, 359 F.3d at 1358 (finding that, once it is established that a reassignment was properly ordered in an exercise of agency discretion, the Board will not review the management

---

[8] We have considered the appellant's argument on review that the Supervisory Staff Administrator for the 926th Engineer Brigade ordered him to support the 478th and 391st Battalions from his position with the 844th Battalion, and could have ordered him to continue to do so. PFR File, Tab 8 at 7. We find this argument unpersuasive. Even assuming that the Supervisory Staff Administrator could have ordered the appellant to continue supporting these other battalions, the agency was not required to hope that he would exercise his discretion to do so, but instead could exercise its discretion to require that FRSAs be aligned with "battalion level or higher organizations" supporting larger numbers of troops.

considerations underlying that exercise of discretion); *Ketterer*, 2 M.S.P.R. at 299 n.8 (same). Similarly, we find that it is not the Board's role to review the merits of the agency's policy decision to require that FRSAs be assigned to locations where the units with larger troop concentrations were headquartered.

¶20    However, although the Board will not review the merits of the agency's broader policy decision to redistribute FRSA positions, here, the appellant has alleged that his particular reassignment was the result of discrimination based on race and sex. IAF, Tab 6 at 5-6, Tab 9 at 3-4. The appellant's discrimination claims, if proven, relate to the issue of whether he demonstrated that his reassignment had no solid or substantial basis in personnel practice or principle. *See Umshler*, 44 M.S.P.R. at 634 (vacating an initial decision sustaining an appellant's removal for failure to accept a management-directed reassignment, where, among other things, the administrative judge failed to address the appellant's assertions that his reassignment constituted a prohibited personnel practice). Accordingly, because we are remanding the appellant's affirmative defenses of discrimination for further adjudication, we vacate the administrative judge's findings regarding the charge, nexus, and penalty.[9] *See Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶¶ 1, 8 (2010) (vacating an administrative judge's findings that an agency proved the charge, nexus, and penalty where the appeal was remanded for further adjudication of the appellant's affirmative defense of discrimination).

¶21    On remand, the administrative judge shall issue a new initial decision that addresses the appellant's affirmative defenses and their effect on the outcome of

[9] Although the administrative judge did not make a separate finding explicitly stating that the agency proved a nexus to the efficiency of the service, such a finding was implicit in his discussion of the charge and the penalty. ID at 3, 5-7; *see Ketterer*, 2 M.S.P.R. at 298 (finding that, in a removal for cause following a refusal to accept a management-directed reassignment, proof that the removal will promote the efficiency of the service includes proof that the agency's decision to reassign the employee was a bona fide determination based on legitimate management considerations in the interests of the service).

the appeal, giving appropriate consideration to the evidence submitted in response to the Board's show cause order, and any additional relevant evidence developed on remand. In addition, the administrative judge shall address the appellant's argument, which was raised below but not addressed in the initial decision, that his reassignment had no solid or substantial basis in personnel practice or principle because the unit to which he was reassigned had fewer than 1,200 soldiers assigned to the unit. IAF, Tab 9 at 4; ID; *see* PFR File, Tab 8 at 7, 10. In the new initial decision, if the appellant fails to prove his affirmative defenses of discrimination, the administrative judge may adopt his original findings regarding the charge, nexus, and penalty, if he finds that they are supported by the additional evidence and argument considered on remand, and the Federal Circuit's decision in *Cobert v. Miller*, 800 F.3d 1340.

## ORDER

¶22    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.